UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA


RONALD WILLIAMS (#403681)

VERSUS                                              CIVIL ACTION

JOHN SANDERS, ET AL                                 NUMBER 13-97-BAJ-SCR


<u>**NOTICE**</u>

    Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.
    In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein.  Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

    ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

    Baton Rouge, Louisiana, November 12, 2013.

                                             STEPHEN C. RIEDLINGER
                                             UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

RONALD WILLIAMS (#403681)

VERSUS                                              CIVIL ACTION

JOHN SANDERS, ET AL                                 NUMBER 13-97-BAJ-SCR

## MAGISTRATE JUDGE'S REPORT

Before the court is the Motions for Summary Judgment filed by defendant Sgt. Mason Hunter. Record document numbers 16. Also before the court is the plaintiff's Motion for Summary Judgment. Record document number 18.

### I. Background

Pro se plaintiff, an inmate confined at Louisiana State Penitentiary ("LSP"), Angola, Louisiana, filed this action pursuant to 42 U.S.C. § 1983 against Jason Sanders and Sgt. Mason Hunter. Plaintiff alleged that the defendants beat him without provocation and interfered with his mail, in violation of his constitutional rights.

Defendant Sgt. Hunter moved for summary judgment relying on a statement of undisputed facts, his affidavit, and the affidavits of Capt. John Glenn Sanders, Sgt. Floyd Sims and Dr. Jason Collins, copies of Shark 1 and 2 logbook entries on July 26, 2012, a copy of a Disciplinary Report issued to the plaintiff on July 26, 2012,

copies of Warden's Unusual Occurrence Reports, a copy of the plaintiff's conduct record and copies of the plaintiff's medical records.[1]

Plaintiff moved for summary judgment relying on his affidavit and the affidavits of inmates Patrick Williams, Noel Dean, Sharmarcus Butler and Glen Welch, copies of medical records, copies of pleadings in *Ronald Williams v. Sidney Davis II,* CV 12-69-BAJ-SCR, and copies of Department Regulation No. C-02-009 and Penitentiary Directive No. 16.002.

## II. Applicable Law and Analysis

### A. Summary Judgment Standard

Summary judgment is appropriate where there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Rule 56, Fed.R.Civ.P. Supporting affidavits must set forth facts which would be admissible in evidence. Opposing responses must set forth specific facts showing that there is a genuine issue for trial. Rule 56(c).

---

[1] John Sanders was not served with the summons and complaint and did not participate in the motion for summary judgment. A review of the Process Receipt and Return, Form USM-285 showed that service was not accepted on behalf of John Sanders because he is no longer employed by the Department of Public Safety and Corrections. Record document number 8. A copy of the return sent to the plaintiff by the clerk of court. Plaintiff did not provide the U.S. Marshal with another service address for has he taken any other action to have the defendant served.

**B. Eleventh Amendment Immunity**

Defendant argued that he is entitled to Eleventh Amendment immunity insofar as the plaintiff sued him in his official capacity.

The distinction between personal and official capacity suits was clarified by the U.S. Supreme Court in *Hafer v. Melo, et al*, 502 U.S. 21, 112 S.Ct. 358 (1991). A suit against a state official in his official capacity is treated as a suit against the state. *Id.*, 502 U.S. at 25, 112 S.Ct. at 361, *citing Kentucky v. Graham*, 473 U.S. 159, 166, 105 S.Ct. 3099, 3105 (1985). Because the real party in interest in an official-capacity suit is the governmental entity and not the named individual, the "entity's `policy or custom' must have played a part in the violation of federal law." *Graham, supra*, at 166, 105 S.Ct. at 3105.

Personal-capacity suits, on the other hand, seek to impose individual liability upon a government officer for actions taken under of color of state law. A showing that the official, acting under color of state law, caused the deprivation of a federal right is enough to establish personal liability in a section 1983 action. *Hafer*, 502 U.S. at 25, 112 S.Ct. at 362.

*Will v. Michigan Department of State Police*, 491 U.S. 58, 109 S.Ct. 2304 (1989), makes it clear that the distinction between official-capacity suits and personal-capacity suits is more than a "mere pleading device." Officers sued in their personal capacity

3

come to court as individuals. A state official in his or her official capacity, when sued for injunctive relief, would be a person under § 1983 because official-capacity actions for prospective relief are not treated as actions against the state. *Will*, 491 U.S. at 71, 109 S.Ct. at 2311, n. 10, *quoting Kentucky v. Graham*, 473 U.S. at 167, 105 S.Ct. at 3106, n. 14.

Thus, the plaintiff may recover money damages against the defendant insofar as the defendant was sued in his individual capacity for actions taken by him under color of state law which caused the deprivation of constitutional rights. However, because the plaintiff did not seek prospective injunctive relief any claim against the defendant in his official capacity is not actionable under § 1983.

**C. Qualified Immunity**

A state official sued in his individual capacity for damages may assert a qualified immunity defense. *Procunier v. Navarette*, 434 U.S. 555, 561, 98 S.Ct. 855, 859 (1978). This immunity is defeated if the official violated clearly established statutory or constitutional rights, of which a reasonable person would have known. *Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S.Ct. 2727, 2738 (1982). In assessing the applicability of a qualified immunity defense, the court must first determine whether the plaintiff has asserted a violation of a clearly established right at all. *Siegert v. Gilley*, 500 U.S. 226, 111 S.Ct. 1789 (1991).

If the court determines that there was a violation of a right secured by the Constitution, then it must determine whether the defendant could have reasonably thought his actions were consistent with the rights they are alleged to have violated. *Anderson v. Creighton*, 483 U.S. 635, 638, 107 S.Ct. 3034, 3038 (1987). The protections afforded by the qualified immunity defense turn on the "objective legal reasonableness" of the defendant's conduct examined by reference to clearly established law. *Id.*, at 639, 107 S.Ct. at 3038. The court does not ascertain solely whether the law was settled at the time of the defendant's conduct, but rather when measured by an objective standard, a reasonable officer would have known that his conduct was illegal. Even if a defendant's conduct actually violates a plaintiff's constitutional right, the defendant is entitled to qualified immunity if the conduct was objectively reasonable. *Duckett v. City of Cedar Park, Texas*, 950 F.2d 272 (5th Cir. 1992), *citing Pfannstiel v. City of Marion*, 918 F.2d 1178, 1183 (5th Cir. 1990); *Melear v. Spears*, 862 F.2d 1177 (5th Cir. 1989); *Matherne v. Wilson*, 851 F.2d 752 (5th Cir. 1988).

At the time of the alleged incident, a reasonable corrections officer would have known that beating an inmate without provocation was not objectively reasonable. *Hudson v. McMillian*, 503 U.S. 1, 112 S.Ct. 995 (1992); *Whitley v. Albers*, 475 U.S. 312, 106 S.Ct. 1078 (1986) (force is excessive and violative of the Eighth Amendment only if applied maliciously and sadistically for the very

5

purpose of causing harm, rather than a good faith effort to maintain or restore discipline).

### D. Excessive Force

A prison official may be held liable under the Eighth Amendment for acting with deliberate indifference to an inmate's health or safety only if he knows that the inmate faces a substantial risk of serious harm and disregards that risk by failing to take reasonable steps to abate it. *Farmer v. Brennan*, 511 U.S. 825, 114 S.Ct. 1970 (1994). The official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must draw the inference. *Id*.

Force is excessive and violative of the Eighth Amendment only if applied maliciously and sadistically for the very purpose of causing harm, rather than a good faith effort to maintain or restore discipline. *Hudson v. McMillian*, *supra*; *Whitley v. Albers*, *supra*. A necessary element of the excessive force claim is the proof of injury resulting from the use of force. *Knight v. Caldwell*, 970 F.2d 1430, 1432 (5th Cir. 1992), *cert. denied*, 507 U.S. 926, 113 S.Ct. 1298 (1993).

There is conceptual distinction between the *de minimis* injury and a *de minimis* use of force. *Wilkins v. Gaddy*, 559 U.S. 34,___, 130 S.Ct. 1175, 1178 (2010) (per curiam) ("Injury and force, however, are only imperfectly correlated, and it is the latter that

6

ultimately counts."). To prevail on an Eighth Amendment excessive force claim, the plaintiff must establish that force was not "applied in a good-faith effort to maintain or restore discipline, [but] maliciously and sadistically to cause harm," and that he suffered an injury. *Eason v. Holt*, 73 F.3d 600, 601-02 (5th Cir. 1996). The Eighth Amendment's prohibition of cruel and unusual punishment excludes from constitutional recognition *de minimis* uses of physical force, provided that the use of force is not of a sort "repugnant to the conscience of mankind." *Hudson*, 503 U.S. at 10, 112 S.Ct. at 1000. The absence of serious injury, while relevant to the inquiry, does not preclude relief. The Fifth Circuit Court of Appeals has never directly held that injuries must reach beyond some arbitrary threshold to satisfy an Eight Amendment excessive force claim. *Brown v. Lippard*, 472 F.3d 384, 386 (5th Cir. 2006).

Moreover, the Supreme Court has made clear that the presence of even minor injuries do not relieve the defendants of liability for using excessive force. *See Wilkins*, 130 S.Ct. at 1178-79 ("An inmate who is gratuitously beaten by guards does not lose his ability to pursue an excessive force claim merely because he has the good fortune to escape without serious injury."). For Eighth Amendment purposes, evidence of the existence and extent of injuries are not dispositive. Instead, such information is considered in conjunction with the other *Hudson* factors to help determine whether the force used was excessive. *See Brown*, 472

7

F.3d at 386-87 ("In evaluating excessive force claims, courts may look to the seriousness of the injury to determine 'whether the use of force could plausibly have been thought necessary, or instead evinced such wantonness with respect to the unjustified infliction of harm as is tantamount to a knowing willingness that it occur.'") (quoting *Whitley*, 475 U.S. 321, 106 S.Ct. 1085).

Plaintiff alleged that on July 26, 2012, Capt. Sanders and Sgt. Hunter came to his cell and ordered him to sign for privileged mail. Plaintiff alleged that he did not believe the corrections officers had the mail for which he was being ordered to sign a receipt, so he refused to comply. Plaintiff alleged that he later came to believe that the defendants had opened his privileged mail outside of his presence and gave his mail to another inmate.

Plaintiff alleged that when he refused to sign the mail receipt log Capt. Sanders verbally threatened him. Plaintiff alleged that Capt. Sanders directed Sgt. Hunter to place the plaintiff in restraints. Plaintiff alleged that while exiting his cell Capt. Sanders punched him in his right eye and Sgt. Hunter slammed his back against the wall. Plaintiff alleged that Capt. Sanders grabbed and squeezed his testicles while Sgt. Hunter held him against the wall. Plaintiff alleged that as a result of the incident, he sustained unspecified injuries to his lower back and right eye.

Defendant offered a different version of the incident.

Defendant contends that on July 26, 2012, at approximately 2:00 p.m, he accompanied Capt. Sanders to the plaintiff's cell to deliver two pieces of legal mail. Plaintiff signed for one piece of legal mail and then snatched the second piece of legal mail out of Capt. Sanders' hand. When Capt. Sanders told the plaintiff that he needed to sign a log indicating receipt of the second letter the plaintiff cursed the captain and threatened to use the incident against him. When Capt. Sanders ordered the plaintiff to return the second letter the plaintiff tore the letter up and flushed it down the toilet. Plaintiff was then restrained and escorted to administrative lockdown by Capt. Sanders without incident. Defendant denied that any force was used against the plaintiff.

Defendant argued that because there is no objective medical evidence to support a finding that the plaintiff sustained more than a *de minimis* injury as a result of the alleged use of force, he is entitled to summary judgment as a matter of law.

Plaintiff's medical records showed that at approximately 7:00 p.m. on the date of the incident, the plaintiff was examined in the prison Treatment Center for complaints of back and right eye pain resulting from a confrontation with security officers.[2] Plaintiff also complained that the corrections officer squeezed his

---

[2] Record document number 16-6, Exhibit 4, Dr. Jason Collins Affidavit, p. 2.

9

testicles.[3]  Physical examination revealed irritation to the right eye conjunctiva and to the lower part of the right eye sclera.[4]  No periorbital swelling or discoloration was noted.[5]  Plaintiff was prescribed Ibuprofen.[6]

Plaintiff's medical records showed that on July 29, 2012, the plaintiff was examined by medical personnel for complaints of blurred vision, pain in his right eye, back pain and sore testicles which the plaintiff attributed to the alleged confrontation on July 26, 2012.[7]  Physical examination revealed no redness, swelling or visible signs or symptoms.[8]  Apparently, no additional medical treatment was necessary.

Defendant contends that there is "no medical documentation of any physical harm" in the plaintiff's medical record.[9]

Defendant's summary judgment affidavit, stating that the plaintiff sustained no physical harm, directly contradicts the plaintiff's allegation of back and right eye injury.  But even if the medical records show that the plaintiff could prove only that

---

[3] *Id.*

[4] *Id.* at 2-3.

[5] *Id.* at 3.

[6] *Id.* at 5.

[7] *Id.* at 6.

[8] *Id.*

[9] *Id.* at 3.

he suffered eye irritation, back pain and testicle pain, this is not per se a *de minimis* injury.

There are also significant material facts in dispute regarding the remaining *Hudson* factors, i.e., need for the application of any force at all, the relationship between the need for and the use of force, the threat reasonably perceived by the prison officials, and efforts made to temper the severity of the response to the perceived need.  *See Hudson*, 503 U.S. at 6-7, 112 S.Ct. at 998-999. Resolution of these disputed factual issues will turn on the credibility of the witnesses and weighing of the evidence.  When ruling on a motion for summary judgment, the court cannot make credibility determinations nor weigh the evidence.

### E. Interference with Legal Mail

Plaintiff alleged that he believes the defendant interfered with his incoming legal mail when he opened the plaintiff's legal mail outside of his presence and gave it to inmate Noel Dean in violation of his constitutional rights.

Subsection (c)(1) of 42 U.S.C. § 1997e provides the following:

> (c) Dismissal.--(1) The court shall on its own motion or on the motion of a party dismiss any action brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility if the court is satisfied that the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief.

11

An in forma pauperis suit is properly dismissed as frivolous if the claim lacks an arguable basis either in fact or in law. *Denton v. Hernandez*, 504 U.S. 25, 112 S.Ct. 1728, 1733 (1992); *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827, 1831-32 (1989); *Hicks v. Garner*, 69 F.3d 22, 24 (5th Cir. 1995). A court may dismiss a claim as factually frivolous only if the facts are clearly baseless, a category encompassing allegations that are fanciful, fantastic, and delusional. *Denton,* 504 U.S. at 33-34, 112 S.Ct. at 1733. Pleaded facts which are merely improbable or strange, however, are not frivolous for 28 U.S.C. § 1915(d) purposes. *Id.; Ancar v. SARA Plasma, Inc.*, 964 F.2d 465, 468 (5th Cir. 1992). Dismissal § 1915(d) may be made at any time before or after service of process and before or after an answer is filed. *Green v. McKaskle*, 788 F.2d 1116, 1119 (5th Cir. 1986).

Inmates have a First Amendment right both to send and receive mail, *Thornburgh v. Abbott*, 490 U.S. 401, 109 S.Ct. 1874 (1989), but that right does not preclude prison officials from examining mail to ensure that it does not contain contraband. *See Brewer v. Wilkinson*, 3 F.3d 816, 822 (5th Cir. 1993) (finding "[a] prisoner's freedom from censorship under the First Amendment ... with regard to his incoming mail is not the equivalent of freedom from inspection or perusal") (citing *Wolff v. McDonnell*, 418 U.S. 539, 576, 94 S.Ct. 2963(1974)).

It is well settled that a prisoner does not have a

constitutional claim if his incoming legal mail is opened and inspected outside of his presence, even if the inspection is in violation of prison regulations. *See Brewer*, at 825, (recognizing that "the violation of [a] prison regulation requiring that a prisoner be present when his incoming legal mail is opened and inspected is not a violation of a prisoner's constitutional rights" when there is no proof that such tampering was prejudicial to the inmate's access to the courts and when the practice was reasonably related to legitimate penological interests).

Plaintiff did not allege that he was prejudiced in any way in a legal proceeding because of the alleged interference with his mail.

Moreover, the summary judgment evidence showed that on July 26, 2013, the defendant brought inmate Noel Dean legal mail.[10] After inmate Dean signed the receipt log, Sgt. Hunter opened the letters and inspected them for contraband and then handed the two letters to inmate Dean.[11] The summary judgment evidence showed that one of the letters was addressed to the plaintiff rather than to inmate Dean.[12] The summary judgment evidence showed that inmate Dean did not notify Sgt. Hunter of the mistake and retained the

---

[10] Affidavit of Noel Dean, record document number 19, p. 8.

[11] *Id*.

[12] *Id*.

plaintiff's mail.[13]  Significantly, there is no evidence in the record that the envelope from which the plaintiff's letter was allegedly removed, was actually addressed to the plaintiff rather than inmate Dean.

At worst, the defendant was negligent in not examining more closely the contents of the envelope before delivering it to inmate Dean.

The due process clause is not implicated by a state official's negligent act causing unintended injury to life, liberty or property. *Daniels v. Williams*, 474 U.S. 327, 106 S.Ct. 662 (1986); *Davidson v. Cannon*, 474 U.S. 344, 106 S.Ct. 668 (1986).

## **RECOMMENDATION**

It is the recommendation of the magistrate judge that the plaintiff's motion for summary judgment be denied, that the defendant's motion for summary judgment be granted in part, dismissing any claim brought against the defendant in his official capacity, and in all other respects the defendant's motion for summary judgment be denied.

It is further recommended that the plaintiff's claim that the defendant interfered with his legal mail be dismissed as frivolous, and this matter be referred back to the magistrate judge for further proceedings on the plaintiff's excessive force claim.

It is further recommended that the plaintiff's claims against

---

[13] *Id.*

John Sanders be dismissed pursuant to Rule 4(m), Fed.R.Civ.P., for failure to timely serve the defendant.

    Baton Rouge, Louisiana, November 12, 2013.

                                                STEPHEN C. RIEDLINGER
                                                UNITED STATES MAGISTRATE JUDGE