UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

RONALD WILLIAMS (#403681)

VERSUS                                                  CIVIL ACTION

JOHN SANDERS, ET AL                         NUMBER 13-97-BAJ-SCR

## **RULING ON MOTION TO STRIKE AND MOTION IN LIMINE**

Before the court is the Plaintiff's Motion to Strike and Motion in Limine. Record document number 31. The motion is opposed.[1]

Plaintiff moved to strike the defendant's immunity defenses on the ground that they were asserted by the defendant in summary judgment motion,[2] the court denied the motion as to the immunity defenses,[3] and the defendant did not appeal the denial.

As to Eleventh Amendment immunity, the defendant argued that the court determined he does have Eleventh Amendment immunity insofar as he was sued in his official capacity. Defendant argued that because the court found there were significant fact in dispute the issue of whether the defendant has qualified immunity could not be resolved on summary judgment.

Defendant is correct. The court did not find that the

---

[1] Record document number 32.

[2] Record document number 16.

[3] Record document number 20, Magistrate Judge's Report; record document number 21, Ruling and Order.

defendant does not have qualified immunity. The court did find that at the time of the incident a reasonable corrections officer would have know that beating an inmate without provocation, as alleged by the plaintiff, was not objectively reasonable.[4] But the court also found that significant facts which would support or defeat qualified immunity were genuinely disputed.[5] Because the denial of the defendant's summary judgment motion as to his qualified immunity defense was based on finding that there are disputed issues of material facts, an immediate appeal of the ruling would have been dismissed.[6]

Accordingly, the Plaintiff's Motion to Strike and Motion in Limine is denied.

Baton Rouge, Louisiana, June 13, 2014.

*[signature]*
STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE

---

[4] Record document number 20, p. 5.

[5] *Id.* at 11-12.

[6] See *Pasco ex rel. Pasco v. Knoblauch*, 566 F.3d 572 (5th Cir. 2009) (denial of qualified immunity on summary judgment is immediately appealable under the collateral order doctrine if based on an issue of law; if district court found that genuine factual disputes exist, plaintiff's version of the facts is accepted as true to the extent supported by the summary judgment record); *Whittington v. Maxwell*, 455 Fed.Appx. 450 (5th Cir. 2011) (on interlocutory appeal appellate court lack the power to review district court's decision that a genuine factual dispute exists; public official must be prepared to concede best view of the facts to plaintiff and discuss only legal issues raised by appeal).