UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

RONALD WILLIAMS,
       Plaintiff,

          CIVIL ACTION

          No. 3:13-00097-JWD-EWD
VERSUS




JOHN SANDERS, *ET AL.*,
       Defendants.


### RULING ON DEFENDANTS' MOTIONS IN LIMINE

  Before the Court are two motions in limine filed by the sole remaining Defendant, Sergeant Mason Hunter ("Hunter" or "Defendant"): Defendant's Motion in Limine to Exclude Plaintiff's Exhibits #5, 6, 8, 9, 10 and 11 ("First Motion"), (Doc. 55), and Defendant's Motion in Limine to Limit the Scope of Medical Records of Ronald Williams ("Second Motion"), (Doc. 57). While Mr. Ronald Williams ("Williams" or "Plaintiff") has not opposed these motions in written form and the deadline to do so passed on December 28, 2015, the possible substance of some of his objections can be inferred from his few oral statements at the pretrial conference held on December 10, 2015, (Doc. 49). For the reasons which follow, this Court GRANTS IN PART and DENIES IN PART the First Motion and DEFERS ruling on the Second Motion until the morning of trial.

  In the First Motion, Defendant argues against the admission of statements (exhibits 5 and 6) or declarations (exhibits 8, 9, 10 and 11) of certain witnesses as hearsay. Under the Federal

Rules of Evidence ("Rules"), these statements and declaration are, by definition, hearsay, and they therefore cannot be introduced unless one of the recognized exceptions, mined in the Rules and in case law, applies. FED. R. EVID. 801.[1] To this legal conclusion, Plaintiff has provided no counter, and he has pleaded or intimated no exception. As such, if Plaintiff attempts to introduce these statements at trial to prove the truth of the information contained therein, an objection as to hearsay will be sustained. If, however, Plaintiff attempts to use the statements for some other legitimate purpose, e.g. to impeach the testimony of one of the witnesses, etc., the Court may overrule the objection depending upon the showing then made. Thus, pending such a timely demonstration, the Court grants the First Motion only insofar as Plaintiff attempts to introduce these statements and declarations so as to prove their contents' truth. However, in the interest of justice and fairness, this Court defers until trial ruling on their ultimate admissibility of these exhibits for some other cognizable purpose.

As to the Second Motion, Defendant argues that Plaintiff should be required to demonstrate the relevance of the records before they are admitted, (Doc. 57-1 at 2). He suggests that Plaintiff will be unable to do so since (1) he complained about eye problems before the July 26, 2012, event giving rise to this suit; (2) the information in his medical records show that "his eyes were normal and unremarkable with equal reaction," and (3) the introduction of the medical records will create unfair prejudice, confuse the issues, mislead the jury, waste time and present cumulative evidence. (*Id.*) At the pretrial conference held on December 10, 2015, the Plaintiff did not respond directly. Nonetheless, he hinted at these documents' broader purpose: to document the longstanding (and alleged) physical effects of the purported incident from which

---

[1] As the action alleges a violation of a federal statute or constitutional provision and was filed in this Court, the Rules alone apply. However, state law can certainly provide guidance and lend persuasive force to an interpretation of a federal rule. *See infra*. 2–3.

this lawsuit has sprung. In fact, as the complaint and his subsequent filings attest, Plaintiff is now suing Defendant for, among other things, injuries to his eyes and back allegedly caused by Defendant's excessive and unnecessary force in the use of a chemical agent on July 26, 2012. As a matter of law, Plaintiff bears the burden of proof of showing excessive force, injury and that the excessive force caused the injury. As history of his physical state in the alleged injury's aftermath, Plaintiff's medical records are obviously relevant to his claims, either because they support the claim of injury caused by incident, or they do not. In either event, the records will aid the ultimate factfinder, and they must therefore be classified as relevant under the Rules. This conclusion is only strengthened by the fact that a certified copy of Plaintiff's medical records, over which Defendant's employer has full control, are admissible under Louisiana law and *prima facie* evidence of their contents. LA. R.S. § 13:3714(A); *see also, e.g.*, *State v. Yates*, 574 So. 2d 566, 568 (La. Ct. App. 1991). In effect, the Rules, buttressed by Louisiana law, render medical records sufficiently relevant to be admitted in this federal court. *Cf., e.g.*, *Daigle v. Parish of Jefferson*, 08-1310 (LA. App. 5 Cir. 12/08/09); 30 So. 3d 55, 65 (holding that "certified hospital records are admissible into evidence without the laying of any foundation beyond a showing of certification" and finding them relevant).

 Defendant is correct, however, that Plaintiff must first lay a proper foundation before these records may be admitted. Given Plaintiff's anticipated testimony gleaned from the Pretrial Order and other pleadings in this case, it is likely that Plaintiff's testimony will provide that foundation. Right now, and until the requisite foundation must be poured, he need not do so. Still, given Defendant's challenge and contentions supporting same, the Court will defer ruling until the time of trial.

In conclusion, the Defendant's Motion in Limine to Exclude Plaintiff's Exhibits #5, 6, 8, 9, 10 and 11, (Doc. 55), to the extent that this motion demands exclusion of those statements and declarations of Plaintiff's witness offered to prove the truth of their contents. But, recognizing the possible other uses for which these documents may be later properly utilized in accordance with the Rules, the Court defers ruling until trial on the remainder of this motion. Similarly, as to Defendant's Motion in Limine to Limit the Scope of Medical Records of Ronald Williams, (Doc. 57), this Court will not make a final ruling until trial commences.

Signed in Baton Rouge, Louisiana, on <u>January 7, 2016</u>.

_____
**JUDGE JOHN W. deGRAVELLES**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**